IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VICTOR ANDREW APODACA, #2143720, | § § § § |
| Plaintiff, | § § |
| v. | § Case No. 6:24-cv-367-JDK-KNM § § |
| UNKNOWN MICHAEL UNIT 1–5, | § § |
| Defendants. | § § |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Victor Apodaca, a Texas Department of Criminal Justice inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On January 3, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Docket No. 14. Plaintiff objected. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'" (internal citations omitted)); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff's objections fail to identify any error in the Report. The Magistrate Judge recommended dismissal of Plaintiff's claims because the facts he alleged amount to possible negligence rather than deliberate indifference to his safety or serious medical needs, and because he failed to state a claim for any supervisory liability. Docket No. 14. Plaintiff does not meaningfully engage with these findings. Rather, Plaintiff's arguments continue to rest on facts and speculation that fail to

2

establish deliberate indifference, such as his assertion that the "only way an inmate in Ad-seg can be assaulted is from the officers failure to do their job in this dangerous prison setting," or that "[h]ad they done there job no assault would have been possible." Docket No. 18 at 3. But, as the Report explained, the deliberate indifference required to establish a constitutional violation is a high bar, and the Court cannot presume such a violation by any defendant from the simple fact that an assault occurred. *See* Docket No. 14 at 8–12. Plaintiff, moreover, acknowledges that he was examined and treated for injuries about a week after the assault, and that surgery was ultimately deemed unnecessary because his injuries healed on their own. Docket No. 18 at 6. As the Report explained, neither a short delay in treatment nor Plaintiff's dissatisfaction with the treatment received establishes a violation of his constitutional rights. *See* Docket No. 14 at 12–13.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the Court. Plaintiff's objections (Docket No. 18) are **OVERRULED**. Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **1st** day of **April, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE